UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL M.,

                Plaintiff,

v.                                                   CASE NO. 1:22-cv-00252 (JGW)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HILLER COMERFORD INJURY & DISABILITY LAW<br>  Counsel for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, NY 14226 | IDA M. COMERFORD, ESQ.<br>KENNETH R. HILLER, ESQ.<br>JUSTIN D. JONES, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ANDREEA LECHLEITNER, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is DENIED, the defendant's motion for judgment

on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

I.    **RELEVANT BACKGROUND**

   A.    **Factual Background**

Plaintiff was born on February 18, 1967, and has at least a high school education. (Tr. 91, 192). Generally, plaintiff's alleged disability consists of posttraumatic stress disorder, anxiety/depression, ACL reconstruction, and arthritis in the right knee. (Tr. 216). His alleged disability onset date is January 1, 2012. (Tr. 79, 198). His date last insured was March 31, 2013. (Tr. 188, 1990).

   B.    **Procedural History**

On August 13, 2015, plaintiff applied for a period of Disability Insurance Benefits (DIB) under Title II, and Supplemental Security Income (SSI) under Title XVI, of the Social Security Act. (Tr. 178, 182). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On December 5, 2017, plaintiff appeared before ALJ Gregory Moldafsky. (Tr. 30). On September 6, 2018, ALJ Moldafsky issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 9). On July 24, 2019, the Appeals Council (AC) denied plaintiff's request for review and plaintiff filed a complaint in the United States District Court for the Western District of New York. (Tr. 1-4). On March 15, 2021, the case was remanded by the Honorable Magistrate Judge William Carter. (Tr. 2088-100). The AC then issued an order remanding to an ALJ on April 2, 2021. A *de novo* hearing was held on September 27, 2021, before ALJ Stephan Bell. (Tr. 2012-55). However, another unfavorable decision

was issued on December 3, 2021. (Tr. 1986-2004). Thereafter, plaintiff directly sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2013.

2. The claimant has not engaged in substantial gainful activity since January 1, 2012, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: right knee degenerative joint disease; alcohol dependence, opioid dependence; cocaine dependence; cannabis dependence; sedative/hypnotic/anxiolytic dependence; depressive disorder not otherwise specified; generalized anxiety disorder; panic disorder; post-traumatic stress disorder; personality disorder not otherwise specified; borderline personality disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight hour period; stand for six hours in an eight hour period; walk for six hours in an eight hour period; and push and pull as much as can lift and carry. The claimant can climb ramps and stairs occasionally; climb ladders, ropes, or scaffolds occasionally; and balance, stoop, kneel, crouch, or crawl occasionally. The claimant is able to perform simple, routine tasks and make simple work-related decisions. He can occasionally interact with supervisors and coworkers. He can never interact with the public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on February 18, 1967 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. e claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

## II.     THE PARTIES' BRIEFINGS

### A.    Plaintiff's Arguments

Plaintiff advances multiple arguments related to the opinion evidence in support of his motion for judgment on the pleadings.  First, plaintiff argues the ALJ gave great weight to two opinions but did not include all the limitations from each opinion and failed to reconcile this with the RFC. Second, plaintiff contends the ALJ ignored an opinion from plaintiff's treating orthopedic surgeon and therefore the RFC was not supported by substantial evidence. (Dkt. No. 10 [Pl.'s Mem. of Law]). Plaintiff also submitted a reply brief again addressing the opinion evidence. (Dkt. No. 12).

### B.    Defendant's Arguments

In response, defendant argues the RFC is supported by substantial evidence. Specifically, defendant contends the physical RFC for light work was supported by the opinion evidence, including the orthopedic surgeon's opinion. (Dkt. No. 11 at 5 [Def.'s Mem. of Law]). Defendant also asserts the mental RFC is supported by substantial

evidence and that an off-task limitation was not warranted based on the opinion evidence. (*Id*. at 17).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both

sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.      ANALYSIS

Plaintiff first argues that the ALJ gave great weight to the opinions of counselor LCSW McDonough and consultative examiner Dr. Schwab but failed to include all the limitations from each opinion. (Dkt. No. 10 at 15-19). Next, plaintiff argues that the ALJ did not evaluate an opinion from treating orthopedic surgeon Dr. Burzynski. (*Id*. at 19-24). Accordingly, plaintiff argues that the ALJ's finding that plaintiff is not disabled was therefore not supported by substantial evidence.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by substantial evidence. 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa v. Callahan,* 168 F.3d at 77 (2d Cir. 1999).

### A. Dr. Burzynski's Opinion

Plaintiff's strongest argument is the ALJ's failure to review or mention Dr. Burzynski's report in the decision, which the Commissioner concedes. The report was an employability assessment completed by Dr. Burzynski on September 16, 2021, and submitted after the administrative hearing. That report indicated the following: plaintiff had no limitation in sitting, but moderately limited in standing, walking, lifting/carrying, pushing/pulling, and very limited in climbing stairs. No prolonged standing/walking. (Tr. 3411). However, it is well established that remand is not required on the basis that the ALJ did not discuss an opinion, where its discussion would not change the outcome of

the case. *See Zabala v. Astrue*, 595 F.3d at 410 (finding harmless error where the ALJ's consideration of a doctor's report would not have changed the ALJ's adverse determination). In this case, plaintiff has not shown this opinion was more restrictive than the light RFC, which requires sitting and standing for approximately six hours, and it does not require standing or walking without any breaks.[1]

Dr. Burzynski's conclusion that plaintiff had only moderate limitations in standing and walking is consistent with the ability to do light work. *See e.g., Monserrate v. Comm'r of Soc. Sec.,* No. 1:20-CV-700-DB, 2021 WL 2587249, at *5 (W.D.N.Y. June 24, 2021) ("an opinion of mild-to-moderate limitations in physical functioning is consistent with the demands of light work" (collecting cases) and *Bethany A. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1267 (WBC), 2022 WL 170405, at *4 (W.D.N.Y. Jan. 18, 2022) (*citing White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (physician's opinion that plaintiff had moderate limitations for standing, sitting, and performing other activities supported an RFC for light work)). Furthermore, "an ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (per curiam) (*quoting Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). That is the case here. ALJ Bell cited enough records or provided enough of an explanation such that the Court can glean her rationale. *Loni S. v. Comm'r*, No. 3:22-CV-805 (CFH), 2023 WL 4195887, at *16 (N.D.N.Y. June 27, 2023). For example, her evaluation of Dr. Schwab's opinion included the largely normal findings in treatment notes, very infrequent use of a cane, and

---

[1] SSR 96-9p, 1996 WL 374185 *6 (explaining that the regulations contemplate that an eight-hour workday has a morning break, a lunch period, and an afternoon break at approximately two-hour intervals).

his wide range of daily activities, including employment. While plaintiff argues this opinion is more restrictive than Dr. Schwab's mild to moderate limitations, courts have found that both mild and moderate exertional limitations are consistent with light work. *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019). Thus, plaintiff has failed to show that Dr. Burzynski's opinion was more restrictive than the RFC finding, as it is his burden to show. Smith v. Berryhill, 740 Fed. Appx. 721, 726 (2d Cir. 2018) (explaining that plaintiff had a duty to prove a more restrictive RFC than the ALJ found).

**B. Other Opinion Evidence**

Plaintiff asserts the ALJ erred by according great weight to two opinions without including all the opined limitations into the RFC. (Dkt. No. 10 at 16). However, both the physical and mental RFCs were supported by substantial evidence and consistent with the opinion evidence and remand is not warranted.

The residual functional capacity (RFC) is an assessment of "the most [plaintiff] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id.* §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). The ALJ's conclusion need not perfectly correspond with any of the opinions of medical sources cited in his decision, because the ALJ is entitled to weigh all of the evidence available to make an RFC finding that is consistent with the record as a whole. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and

synthesizes all evidence available to render an RFC finding consistent with the record as a whole).

Plaintiff underwent a consultative examination with Dr. John Schwab on June 10, 2021. (Tr. 3315-17). On examination, plaintiff used a cane and Dr. Schwab stated it was medically necessary. (Tr. 3316). He additionally opined plaintiff had a mild restriction to prolonged walking and standing, and needed to avoid kneeling, crouching, and crawling. (Tr. 3317). The ALJ explained that she gave great weight to the majority of Dr. Schwab's opinion but explicitly excluded his opinion that plaintiff required a cane. (Tr. 1998).

The ALJ dutifully explained that she gave great weight to the less restrictive portions of Dr. Schwab's opinion because they were supported by his largely normal examination findings. (Tr. 1998; see Tr. 3316-17). *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (" ([t]he more a medical source presents evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion"). Plaintiff's specific argument is that on a second form Dr. Schwab stated plaintiff could only stand 15 minutes at one time and walk 15 minutes at one time, which the ALJ did not adopt nor explicitly reject. (Dkt. No. 10 at 19). However, the physical RFC findings are supported by the bulk of Dr. Schwab's opinion, treatment notes of normal findings, infrequent cane use, conservative treatment, and a wide range of daily activities, thereby supporting the RFC with substantial evidence.

The ALJ addressed plaintiff's knee impairment and history of treatment prior to the relevant period but discussed how treatment had been minimal since the alleged onset date. (Tr. 1996; see Tr. 60, 729). In fact, plaintiff testified that during the majority of the adjudicative period, he "was doing [his] own physical therapy" for his knee, including by

going for "brisk walk[s]," doing "a lot of stretching" and "swimming in the summertime." (Tr. 1993; *see* Tr. 61). The ALJ discussed that medical records confirmed that plaintiff's treatment was limited and sporadic, and his examination findings were largely normal. (Tr. 1996, *see* Tr. 727). Plaintiff's argument for 15-minute stand walk ratio cites only Dr. Schwab's opinion and no other evidence to support the significant limitation. (Dkt. No. 10 at 19). Rather, an examination in 2014 revealed negative results on various knee evaluations. (Tr. 1996, *see* 727-28). After about two years of no treatment, plaintiff presented to the emergency department in October 2016 and reported he injured his knee at work when lifting a piece of concrete. (Tr. 1996, *see* Tr. 1375). Plaintiff next sought treatment for his right knee in March 2017, when he complained of occasional right knee clicking and instability. (Tr. 1996; see Tr. 729). On examination, plaintiff had reduced flexion of the knee, but full extension, full motor strength, and no instability. (Tr. 1996-97; see Tr. 730, 733). An MRI of the right knee revealed a bone contusion, osteoarthritis, and a chronic posterior horn medial meniscus tear but plaintiff declined surgical intervention in favor of conservative treatment. (Tr. 1997; see Tr. 733, 740). In sum, plaintiff's treatment records document that he had limited, sporadic, and conservative treatment for his right-knee pain, as well as normal objective findings of full motor strength and no instability which the ALJ was permitted to consider when formulating the RFC. *See Penfield v. Colvin*, 563 F. App'x 839, 840 (2d Cir. 2014) (conservative treatment weighed against a finding of disability).

Plaintiff does not directly argue that the ALJ erred in finding the cane not medically necessary. However, the argument that he has difficulties standing and walking for 15 minutes at a time is related and the ALJ clearly explained that the evidence supported Dr.

Schwab's opinion that plaintiff had only a mild limitation in standing and walking, which is consistent with an ability to do light work. *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019); *see also, e.g., Michelle B. v. Comm'r of Soc. Sec.*, No. 20-CV-168-JLS, 2022 WL 130898, at *3 (W.D.N.Y. Jan. 14, 2022) ("moderate physical limitations are consistent with light work"). While there is an internal inconsistency between Dr. Schwab's opinions, it is within an ALJ's discretion to compare and contrast the various medical opinions, along with all other relevant evidence, to resolve the conflicts in the evidence and determine plaintiff's RFC. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). Moreover, an ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record. *Id*. at 588.

As discussed above, the ALJ additionally relied upon plaintiff's activities of daily living when formulating the RFC. The ALJ highlighted that plaintiff worked after alleging that he was disabled, including as a maintenance worker and truck-dispatch worker. (Tr. 1992, 1999-2000; see Tr. 1975, 1977, 1981). In one of the jobs, plaintiff worked from 11:00 p.m. to 7:00 a.m. (Tr. 1975), and in another job he worked from 8:00 a.m. to 4:00 p.m. (Tr. 1981). Although the ALJ found that the work was not substantial gainful activity (Tr. 1992), he nonetheless appropriately considered it in determining that plaintiff retained the ability to work. (Tr. 1999-2000) 20 C.F.R. §§ 404.1571, 416.971 (explaining that even if the work a claimant had done was not substantial gainful activity, it may show that the claimant can do more work than she actually did). Plaintiff also admitted to caring for his injured wife, bike riding, swimming, fishing, attending car shows, attending church weekly, and volunteering at a children's hospital. (Tr. 1994-96, *see* Tr. 58-59, 61, 63, 685, 3035,

3037). *See Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013) (holding that the ALJ properly considered the claimant's reported daily activities, such as walking her dog and cleaning her house, in support of an RFC finding for light work).

Plaintiff also challenges the ALJ's mental RFC finding because he argues there should have been more limitations in light of a treating therapist's opinion. (Dkt. No. 10 at 15-18). On April 29, 2021, Katherine McDonough LCSW, completed a medical opinion form. (Tr. 3308-13). She explained that she was unable to assess if plaintiff could work, as he recently began treatment, but on a different section she opined that he was precluded for more than 20 percent of an eight-hour workday in performing at a consistent pace without an unreasonable number of rest periods. (Tr. 3308-10). Plaintiff argues that based on this portion of the opinion, the ALJ should have included an off-task limitation in the RFC. However, after review of the decision it is evident that the mental RFC is also supported by substantial evidence and remand is not appropriate.

As highlighted above, the ALJ has the duty to resolve conflicts in the record and is free to reject portions of opinions that are not supported by the record. Here, the ALJ relied on another opinion in formulating the mental RFC from consultative examiner Dr. Ransom dated June 2, 2021. Contrary to plaintiff's claim that she required an off-task limitation Dr. Ransom found only mild limitations sustaining ordinary routine and regular attendance at work. (Tr. 18). The plaintiff told Dr. Ransom that with his medications, "he was quite well and rarely had any difficulties." (Tr. 3326). Significantly, consultative examiners are deemed to be highly qualified physicians who are experts in Social Security disability evaluations and an ALJ is entitled to rely upon their opinions, which can also serve as substantial evidence. *See Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06 (2d

Cir. 2011) (*citing* 20 C.F.R. §§ 404.1513a and 416.913a, *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

As the ALJ observed, the plaintiff had an extensive history of opioid drug abuse and alcohol dependence. That history included drug seeking behavior as well as many non-compliance incidents with treatment. (Tr. 1998). Most of plaintiff's depression/anxiety was caused by situational stressors such as unemployment, and when those stressors were improved, so was his mental health. (Tr. 1999-2001). *See Swiantek v. Comm'r of Soc. Sec.*, 588 F. App'x 82, 83-84 (2d Cir. 2015) (finding that behaviors precipitated by situational factors rather than longitudinal manifestations of psychological disorders belied the presence of totally disabling functional limitations).

On January 5, 2013, plaintiff was hospitalized with suicidal ideation but had unremarkable mental status findings. (Tr. 702, 715). According to records, plaintiff made repeated demands for methadone and was eventually discharged by the hospital. (Tr. 1999, *see* Tr. 715). There was a second hospitalization a few weeks later, similar to the first where plaintiff again was seeking medication. (Tr. 1999, *see* Tr. 709). While plaintiff attempted substance abuse treatment, he was discharged due to lack of attendance. (Tr. 199, *see* Tr. 690-692). *Roy v. Massanari*, No. Civ. 3:01-cv-306 (PCD), 2002 WL 32502101, at *3 (D. Conn. June 12, 2002) (finding that the ALJ appropriately considered evidence of substance abuse when he considered plaintiff's subjective allegations).

The ALJ thoroughly discussed plaintiff's multiple, but sporadic, attempts to seek treatment, but symptomatology was repeatedly noted to be mild. (Tr. 1999). Notably, in 2015, he reported he was working without difficulties. (Tr. 1980-82). He later reported he was working in maintenance, as a truck dispatcher, then working through a temp agency.

(Tr. 2000, *see* Tr. 1972-77*).* During an August 2017 visit, plaintiff reported that things were going "pretty well", and he was working 12-hour shifts. (Tr. 2000; *see* Tr. 1964). In February 2019, he admitted to relapsing with his medication abuse and street drugs and reported that he had attended a court ordered three-week rehabilitation program after being arrested for shoplifting while under the influence. (Tr. 2000; *see* Tr. 2978). The ALJ observed that, despite this setback, plaintiff again reported that his symptoms were stable on medication. (Tr. 2000; *see* Tr. 2980). However, the ALJ documented that there continued to be relapses and incidents of non-compliance with treatment related to substance abuse through the relevant period. (Tr. 2000, *see* 2960, 3035, 3043). *See* SSR 16-3p, 2017 WL 5180304 *9 (explaining that if the individual fails to follow prescribed treatment that might improve symptoms, the ALJ may find that the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence in the record).

While plaintiff argues the opinion of Ms. McDonough warranted greater limitations, mild-to-moderate limitations in mental functioning are consistent with a RFC for unskilled work, which is the type of work to which the ALJ restricted plaintiff. *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014) (moderate limitation in maintaining concentration, persistence, or pace or in relating with others did not preclude unskilled work). While Ms. McDonough responded under multiple questions that she was unable to assess plaintiff's limitations, including whether (and how often) plaintiff would need to be absent from work, it is inconsistent with her subsequent opinion that plaintiff could not work at a consistent pace for 10 to 20 percent of the workday. (Tr. 3312). It is clear that the ALJ resolved the conflict and incorporated plaintiff's difficulties with maintaining a consistent pace by

restricting him to work that was simple and routine. (Tr. 1995). *See Pellam v. Astrue*, 508 F. App'x 87, 89 (2d Cir. 2013) (holding that the ALJ properly declined to credit certain conclusions in a medical source's opinion that were inconsistent with other evidence of record).

The threshold for substantial evidence "is not high....It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal citation and quotation marks omitted). The issue is not whether substantial evidence supports the claimant's argument, but whether substantial evidence supports the ALJ's decision. *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). So long as the evidence in the administrative record, including diagnostic evidence and treatment notes support the ALJ's RFC determination, it cannot be said that "no reasonable factfinder could have reached the same conclusion," so as to uphold an RFC assessment upon judicial review. Schillo, 31 F.4th at 78 (citing Brault, 683 F.3d at 448). See also Cook, 818 Fed.Appx. at 109-10 ("Here, the treatment notes were in line with the ALJ's RFC determinations."). Here, the requisite deferential review of the ALJ's decision establishes it is supported by substantial evidence in the record and remand is unnecessary.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **<u>GRANTED</u>**.

Dated: September 25, 2024
Rochester, New York

<u>J. Gregory Wehrman</u>
HON. J. Gregory Wehrman
United States Magistrate Judge